**Thomas W.S. RICHEY, Plaintiff–Appellant,**

**v.**

**Douglas THAUT, Defendant–Appellee.**

**No. 12–35254.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 19, 2013.

Thomas W.S. Richey, pro se.

Brian James Considine, Esquire, Assistant Attorney General, Attorney General's Office, Olympia, WA, for Defendant–Appellee.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Washington state prisoner Thomas W.S. Richey appeals pro se from the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We re-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view de novo the district court's dismissal for failure to exhaust and for clear error any underlying factual findings. *Sapp v. Kimbrell,* 623 F.3d 813, 821 (9th Cir.2010). We affirm.

The district court properly dismissed Richey's action without prejudice because Richey failed to exhaust his administrative remedies. *See Woodford v. Ngo,* 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (requiring proper and timely exhaustion of prisoner claims). The district court did not clearly err in finding that Richey was required to appeal the non-grievability determination to the grievance program manager and failed to do so. *Cf. Sapp,* 623 F.3d at 822–23 (exhaustion is not required where administrative remedies are rendered "effectively unavailable").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.